# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------x

| | |
|---|---|
| ALTICE USA, INC., CEQUEL COMMUNICATIONS, LLC, CSC HOLDINGS, LLC           :<br>              Plaintiffs,  :<br>                      :<br>    -against-  :<br>                      :<br>ADEIA INC., ADEIA GUIDES INC., ADEIA MEDIA HOLDINGS LLC, ADEIA TECHNOLOGIES INC., ADEIA MEDIA SOLUTIONS INC.  :<br>                      :<br>             Defendants.  :| Case No. 1:25-cv-5390<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

---------------------------------x

Plaintiffs, Altice USA, Inc. ("Altice USA"), Cequel Communications, LLC ("Cequel"), and CSC Holdings, LLC ("CSC") (collectively "Altice") for its Complaint for Declaratory Judgment against Defendants Adeia Inc., Adeia Guides Inc., Adeia Media Holdings LLC, Adeia Technologies Inc., and Adeia Media Solutions Inc. (collectively "Adeia") by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* Altice seeks a declaratory judgment of noninfringement of each of U.S. Patent Nos. 7,406,598 ("the '6,598 Patent"); 7,818,769 ("the '769 Patent"); 8,165,598 ("the '5,598 Patent"); 8,589,324 ("the '324 Patent"); 8,601,526 ("the '526 Patent"); 8,713,606 ("the '606 Patent"); 9,326,025 ("the '025 Patent"); 9,369,758 ("the '758 Patent"); 9,690,833 ("the '833 Patent"); and 10,506,010 ("the '010 Patent") (collectively, the "Patents-in-Suit").

1

2.      Each of the Patents-in-Suit is owned by Adeia.

3.      Adeia has alleged that Altice infringes the Patents-in-Suit.  Adeia has also alleged that Altice needs to renew its license with Adeia, which expires on June 30, 2025, because it infringes the Patents-in-Suit.

4.      Altice does not infringe any of the Patents-in-Suit currently, nor going forward.

5.      An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201–2202 between Altice and Adeia as to whether Altice infringes the claims of the Patents-in-Suit.

## THE PARTIES

6.      Plaintiff Altice USA, Inc. is a Delaware corporation with its principal place of business at One Court Square West, Long Island City, New York, 11101.

7.      Plaintiff CSC Holdings, LLC is a wholly owned subsidiary of Altice USA, Inc.

8.      Plaintiff Cequel Communications, LLC is a wholly owned subsidiary of Altice USA, Inc.

9.      Defendant Adeia Inc. is a Delaware corporation with its principal place of business at 3025 Orchard Parkway, San Jose, California 95134.

10.     Defendant Adeia Guides Inc. (f/k/a Rovi Guides Inc.) is a Delaware corporation with its principal place of business at 3025 Orchard Parkway, San Jose, California 95134.  Adeia Guides Inc. is a wholly owned subsidiary of Adeia Inc.

11.     Defendant Adeia Media Holdings LLC is a Delaware limited liability company, with a principal place of business at 3025 Orchard Parkway, San Jose, California 95134.  Adeia Media Holdings is a wholly owned subsidiary of Adeia Inc.

12.     Defendant Adeia Technologies Inc. is a Delaware corporation with its principal place of business at 3025 Orchard Parkway, San Jose, California 95134.  Adeia Technologies Inc.

is a wholly owned subsidiary of Adeia Inc.

13.    Defendant Adeia Media Solutions Inc. (f/k/a TiVo Solutions Inc.) is a Delaware corporation with its principal place of business at 3025 Orchard Parkway, San Jose, California 95134.  Adeia Media Solutions Inc. is a wholly owned subsidiary of Adeia Inc.

## DEFENDENTANTS' CORPORATE PREDECESSORS

14.    Rovi Corporation ("Rovi") was a corporation existing under the laws of the State of Delaware.[1]  Further, Rovi was the parent corporation to Rovi Guides, Inc. ("Rovi Guide").

15.    TiVo, Inc. ("TiVo") was a corporation existing under the laws of the State of Delaware.[2]  TiVo was the parent corporation to TiVo Solutions Inc. ("TiVo Solutions").

16.    In or around 2016, Rovi completed its acquisition of TiVo, Inc. and changed its name to TiVo Corporation.[3]  At the time of the merger, Rovi and TiVo had worldwide portfolios of over 6,000 issued patents and pending applications worldwide.  Both companies had monetized their intellectual property, with more than $3 billion in combined IP licensing revenues and past damage awards.[4]  In or around June 2020, Xperi Holding Corp. ("Xperi Holding"), another corporation organized under the laws of Delaware, merged with TiVo Corp. to create "one of the industry's largest and most diverse intellectual property (IP) licensing platforms."[5]

17.    In or around February 2022, Xperi Holding introduced "Adeia" as the new brand for its IP licensing business.  In or around October 2022, Xperi Holding separated its product

---

[1] Rovi Corporation, Annual Report (Form 10-K) (December 31, 2011) at 1
https://www.sec.gov/Archives/edgar/data/1424454/000119312512075292/d266029d10k.htm#tx266029_1.
[2] TiVo Inc., Annual Report (Form 10-K) (January 31, 2016) at 1
https://www.sec.gov/Archives/edgar/data/1088825/000108882516000243/tivo10-k13116.htm.
[3] TiVo Corporation Current Report (Form 8-K) (September 7, 2016),
https://www.sec.gov/Archives/edgar/data/1675820/000119312516704212/d250033d8k12b.htm.
[4] *Rovi to Acquire TiVo, Creating $3 Billion Entertainment Technology Leader*, Businesswire
(April 29, 2016, 7:00 AM),
https://www.sec.gov/Archives/edgar/data/1088825/000108882516000265/jointpressreleasissuedbyth.htm
[5] *Xperi and TiVo Complete Merger*, Xperi (June 1, 2020), https://investor.xperi.com/news/news-details/2020/Xperi-and-TiVo-Complete-Merger/default.aspx.

business and its IP licensing business.  The product business became Xperi Inc., and the IP licensing business became Defendant Adeia Inc.[6]

## **BACKGROUND**

18.    Altice has a history of licensing negotiations and license agreements with Adeia and its affiliates and predecessors.

19.    On or around January 1, 2011, CSC entered into a license agreement with Rovi Guides and all of its subsidiaries for a license to Rovi Guide's portfolio.  Later, on or around January 1, 2014, Cequel entered into a license agreement with Rovi and all of its subsidiaries for a license to Rovi Guide's portfolio.

20.    On or around December 31, 2017, Cequel entered into a First Amended and Restated Patent License Agreement with Rovi Guides and TiVo Solutions and all of their subsidiaries, and, on or around December 31, 2017, CSC entered into a First Amended and Restated Patent License Agreement with Rovi Guides and TiVo Solutions and all of their subsidiaries (collectively, the "2017 Adeia Agreements").  The 2017 Adeia Agreements provided Altice with a license to Adeia's patent portfolio until December 31, 2023.  Each of the 2017 Adeia Agreements contains a clause that stipulates that venue for any proceedings arising out of or related to the Agreements shall be in a court in New York, New York, and that each party consents to the exclusive personal jurisdiction of courts in New York, New York.

21.    On or around February 16, 2023, CSC and Cequel entered into agreements with Adeia that extended Altice's license to Adeia's patent portfolio to June 30, 2025.

22.    Adeia has alleged that Altice is practicing at least one claim of each of the Patents-

---

[6] Adeia Inc. Annual Report (Form 10-K) (December 31, 2022) at 4.
https://www.sec.gov/ix?doc=/Archives/edgar/data/0001803696/000095017023005437/adea-20221231.htm
(hereinafter, "Adeia 10-K") .

4

in-Suit and therefore requires a license to the Patents-in-Suit.  On or around May 30, 2025, Adeia sent Altice claim charts that set forth Adeia's allegations that Altice's products and services infringe each element of at least one claim for each of the Patents-in-Suit.

23.    Based on these allegations of infringement, Adeia has also alleged that Altice must renew its license with Adeia, which expires on June 30, 2025, because Adeia alleges Altice infringes the Patents-in-Suit.

24.    Accordingly, there exists an actual and justiciable controversy as to whether Altice infringes each of the Patents-in-Suit.

## JURISDICTION AND VENUE

25.    This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*  This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 based on the existence of an actual controversy between Altice and Adeia for claims under the Patent Laws.  In particular, there is an active case or controversy about whether or not Altice infringes any claims of each of the Patents-in-Suit.  *See e.g., supra* ¶¶ 22-24.

26.    This Court has personal jurisdiction over Defendants because they have consented to this Court's exclusive jurisdiction through the 2017 Adeia Agreements and subsequent amendments.

27.    In addition, this Court has personal jurisdiction over Adeia by virtue of its sufficient minimum contacts with this forum based on the business Adeia conducts within the State of New York, including in this judicial district.  For example, Adeia has directed its licensing negotiations to this District, including by negotiating a license with Altice and granting Altice a license to authorize certain activity of Altice's subscribers within this District, as well as collecting license

payments in connection with the authorized activity of Altice's subscribers within this District.

28.     Adeia has also engaged in licensing negotiations – leading to licenses that cover the Patents-in-Suit – with other entities who are based in this District and elsewhere in the State of New York, or who otherwise have significant operations and/or provide products and services in this District that, upon information and belief, relate to the claimed subject matter of the Patents-in-Suit.

29.     Further, Adeia has availed itself of the courts of the State of New York by selecting the courts within this District as the exclusive forum to resolve any dispute related to the 2017 Adeia Agreements and subsequent amendments.  Upon information and belief, Adeia has similarly availed itself of this Court in similar licensing agreements with other parties.

30.     Venue is proper in this judicial district because Defendants selected this venue as the exclusive venue for any disputes arising under or related to the 2017 Adeia Agreements and subsequent amendments and because Adeia has alleged that Altice is required to have this license because it allegedly infringes each of the Patents-in-Suit to offer Altice's products and services, including to Altice subscribers in this District.

31.     Venue is also proper pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## THE PATENTS-IN-SUIT

### A.  U.S. Patent No. 7,406,598

32.     The '6,598 Patent is titled "Method and System for Secure Content Distribution." A copy of the '6,598 Patent is attached hereto as Exhibit A.  The '6,598 Patent states on its face that it was issued to Paul Ducharme.  The original assignee is listed as ViXS Systems Inc.  The U.S. Patent and Trademark Office lists Adeia Guides Inc. as the current assignee.

33.     The application that issued as the '6,598 Patent was filed on April 22, 2004, and the

United States Patent and Trademark Office issued the '6,598 Patent on July 29, 2008.

34.    Defendants have alleged that at least claim 1 of the '6,598 Patent is infringed by "CryptoFirewall security technology" purportedly implemented on the Broadcom BCM7252S System on-a-Chip ("SoC") used in the Sagemcom DCIWA384 Set-top-box ("STB") that Altice provides its customers.

**B. U.S. Patent No. 7,818,769**

35.    The '769 Patent is entitled "Methods and Apparatus for Implementing Dynamic Program Guides on Mobile Devices."  A copy of the '769 Patent is attached hereto as Exhibit B. The '769 Patent states on its face that it was issued to Gavin Peacock, James Roseborough, David Lowell, Aravind Nallan and Ian Farmer.  The original assignee is listed as MOBITV, Inc.  The U.S. Patent and Trademark Office lists Adeia Media Holdings LLC as the current assignee.

36.    The application that issued as the '769 Patent was filed on October 2, 2006, and the United States Patent and Trademark Office issued the '769 Patent on October 19, 2010.

37.    Defendants have alleged that at least claim 1 of the '769 Patent is infringed by the program guide implemented by Altice's Optimum TV App, which runs on mobile devices.

**C. U.S. Patent No. 8,165,598**

38.    The '5,598 Patent is entitled "Methods and Apparatus for Providing Media on Mobile Devices."  A copy of the '5,598 Patent is attached hereto as Exhibit C.  The '5,598 Patent states on its face that it was issued to Monica Tran, Gavin Peacock, James Roseborough, David Lowell, Aravind Nallan, and Ian Farmer.  The original assignee is listed as MobiTV, Inc.  The U.S. Patent and Trademark Office lists Adeia Media Holdings LLC as the current assignee.

39.    The application that issued as the '5,598 Patent was filed on September 21, 2007, and the United States Patent and Trademark Office issued the '5,598 Patent on April 24, 2012.

40.    Defendants have alleged that at least claim 1 of the '5,598 Patent is infringed through the provision of "Available Out of Home" content listings in the guide of Altice's Optimum TV App.

**D.  U.S. Patent No. 8,589,324**

41.    The '324 Patent is entitled "System and Method for Finding Desired Results by Incremental Search Using an Ambiguous Keypad with the Input Containing Typographic Errors." A copy of the '324 Patent is attached hereto as Exhibit D.  The '324 Patent states on its face that it was issued to Pankaj Garg, Sashikumar Venkataraman, and Gopal M. Rajpurohit.  The original assignee is listed as Veveo, Inc.  The U.S. Patent and Trademark Office lists Adeia Guides Inc. as the current assignee.

42.    The application that issued as the '324 Patent was filed on February 5, 2013, and the United States Patent and Trademark Office issued the '324 Patent on November 19, 2013.

43.    Defendants have alleged that at least claim 8 of the '324 Patent is infringed by functionalities associated with searching for content on Altice's Optimum TV App.

**E.  U.S. Patent No. 8,601,526**

44.    The '526 Patent is entitled "Systems and Methods for Displaying Media Content and Media Guidance Information."  A copy of the '526 Patent is attached hereto as Exhibit E.  The '526 Patent states on its face that it was issued to Akitaka Nishimura and Akio Yoshimoto.  The original assignee is listed as United Video Properties, Inc.  The U.S. Patent and Trademark Office lists Adeia Guides Inc. as the current assignee.

45.    The application that issued as the '526 Patent was filed on June 23, 2008, and the United States Patent and Trademark Office issued the '526 Patent on December 3, 2013.

46.    Defendants have alleged that at least claim 1 of the '526 Patent is infringed by

8

functionalities relating to recording selections and the display of recording indicators with Altice's Optimum TV Service, which is accessed through Altice's Optimum STBs, and Altice's Optimum TV App.

**F.  U.S. Patent No. 8,713,606**

47.     The '606 Patent is entitled "Systems and Methods for Generating a User Profile Based Customized Media Guide with User-Generated Content and Non-User-Generated Content." A copy of the '606 Patent is attached hereto as Exhibit F.  The '606 Patent states on its face that it was issued to Ka Chun Wong, Walter R. Klappert, Michael R. Nichols, Brian Riegel, Michael Papish, and Adam Powers.  The original assignee is listed as United Video Properties, Inc.  The U.S. Patent and Trademark Office lists Adeia Guides Inc. as the current assignee.

48.     The application that issued as the '606 Patent was filed on May 14, 2012, and the United States Patent and Trademark Office issued the '606 Patent on April 29, 2014.

49.     Defendants have alleged that at least claim 1 of the '606 Patent is infringed by functionalities related to the generation and display of "Related on YouTube" listings together with purported linear non-user generated listings on Altice's Optimum TV Service.

**G.  U.S. Patent No. 9,326,025**

50.     The '025 Patent is entitled "Media Content Search Results Ranked by Popularity." A copy of the '025 Patent is attached hereto as Exhibit G.  The '025 Patent states on its face that it was issued to Pradhan S. Rao and David H. Sloo.  The original assignee is listed as Microsoft Corporation.  The U.S. Patent and Trademark Office lists Adeia Technologies Inc. as the current assignee.

51.     The application that issued as the '025 Patent was filed on June 11, 2013, and the United States Patent and Trademark Office issued the '025 Patent on April 26, 2016.

52.    Defendants have alleged that at least claim 1 of the '025 Patent is infringed by functionality related to text-based content searching on Altice's Optimum TV App.

**H.  U.S. Patent No. 9,369,758**

53.    The '758 Patent is entitled "Multifunction Multimedia Device."  A copy of the '758 Patent is attached hereto as Exhibit H.  The '758 Patent states on its face that it was issued to Amir Gharaat, James Barton, and Mukesh K. Patel.  The original assignee is listed as TiVo Solutions Inc.  The U.S. Patent and Trademark Office lists Adeia Media Solutions Inc. as the current assignee.

54.    The application that issued as the '758 Patent was filed on April 22, 2014, and the United States Patent and Trademark Office issued the '758 Patent on June 14, 2016.

55.    Defendants have alleged that at least claim 1 of the '758 Patent is infringed by functionality relating to overlaying information in a frame buffer purportedly implemented by the Broadcom BCM7252S SoC used in the Sagemcom DCIWA384 STBs that Altice provides its customers.

**I.  U.S. Patent No. 9,690,833**

56.    The '833 Patent is entitled "System and Method for Text Disambiguation and Context Designation in Incremental Search."  A copy of the '833 Patent is attached hereto as Exhibit I.  The '833 Patent states on its face that it was issued to Rakesh Barve, Sashikumar Venkataraman, Murali Aravamudan, Manish Mohan Sharma, Pankaj Garg, and Sankar Ardhanari. The original assignee is listed as Veveo Inc.  The U.S. Patent and Trademark Office lists Adeia Guides Inc. as the current assignee.

57.    The application that issued as the '833 Patent was filed on May 26, 2016, and the United States Patent and Trademark Office issued the '833 Patent on June 27, 2017.

58.     Defendants have alleged that at least claim 1 of the '833 Patent is infringed by functionality related to text-based content searching on Altice's Optimum TV Service.

**J.   U.S. Patent No. 10,506,010**

59.     The '010 Patent is entitled "Delivering Content in Multiple Formats."  A copy of the '010 Patent is attached hereto as Exhibit J.  The '010 Patent states on its face that it was issued to Danial E. Holden and Austin J. Vrbas.  The original assignee is listed as Comcast Cable Communications, LLC.  The U.S. Patent and Trademark Office lists Adeia Media Holdings LLC as the current assignee.

60.     The application that issued as the '010 Patent was filed on February 1, 2017, and the United States Patent and Trademark Office issued the '010 Patent on December 10, 2019.

61.     Defendants have alleged that at least claim 1 of the '010 Patent is infringed by alleged transcoding, fragmenting, aligning, and storage functionalities performed by a computing device of Altice's alleged Optimum TV Over the Top ("OTT") multimedia content system.

<u>**COUNT I**</u>

<u>**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '6,598 PATENT**</u>

62.     Altice realleges and incorporates by reference each paragraph above, as if fully set forth herein.

63.     Adeia is the current assignee of the '6,598 Patent.

64.     As set forth above, an actual and justiciable controversy exists between Altice and Adeia regarding infringement of claims of the '6,598 Patent by CryptoFirewall security technology purportedly implemented on the Broadcom BCM7252S SoC in the Sagemcom DCIWA384 STB provided by Altice to its customers.

65.     The manufacture, use, offer for sale, sale, and/or importation of the DCIWA384

STB with the Broadcom BCM7252S SoC purportedly utilizing CryptoFirewall security technology does not infringe and has not infringed, directly or indirectly, any claim of the '6,598 Patent, either literally or under the doctrine of equivalents.

66.    Adeia provided a claim chart to Altice on or around May 30, 2025.  The claim chart purported to identify how each element of claim 1 of the '6,598 Patent is allegedly infringed by Altice.  But Altice does not infringe claim 1 of the '6,598 Patent.

67.    For example, claim 1 requires "a decryption engine comprising a first data input, a private key input coupled to a first portion of the first secure storage location, and an output coupled to a second secure storage location, the decryption engine operable to determine decrypted data from data received at the first data input based on a private key received at the private key input, and further operable to write the decrypted data only to the first secure memory location and the second secure storage location."  The CryptoFirewall security technology purportedly implemented in the BCM7252S SOC in the DCIWA384 STB does not infringe claim 1 of the '6,598 Patent at least because it does not include a "second secure storage location," as required by claim 1.  Further, the alleged "decryption engine" in the CryptoFirewall security technology purportedly implemented in the BCM7252S SoC on the DCIWA384 STB is not "operable to write the decrypted data" to the alleged "first secure memory location," as required by claim 1 of the '6,598 Patent.

68.    Because Altice does not infringe claim 1, or any other claim of the '6,598 Patent, Altice does not currently require a license to the '6,598 Patent in order to pursue the activities that Adeia has alleged infringe the '6,598 Patent.

69.    Because Altice does not infringe claim 1, or any other claim of the '6,598 Patent, Altice also does not need to renew its license with Adeia upon the June 30, 2025 expiration in

order to continue pursuing the activities that Adeia alleges infringe the '6,598 Patent.

70.     Altice is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the DCIWA384 STB with the Broadcom BCM7252S SoC purportedly utilizing CryptoFirewall security technology does not and will not infringe claim 1 of the '6,598 Patent, nor any other claim, of the '6,598 Patent.

<b><u>COUNT II</u></b>

<b><u>DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '769 PATENT</u></b>

71.     Altice realleges and incorporates by reference each paragraph above, as if fully set forth herein.

72.     Adeia is the current assignee of the '769 Patent.

73.     As set forth above, an actual and justiciable controversy exists between Altice and Adeia regarding infringement of claims of the '769 Patent by alleged functionality incorporated in the program guide of Altice's Optimum TV App.

74.     The manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV App does not infringe and has not infringed, directly or indirectly, any claim of the '769 Patent, either literally or under the doctrine of equivalents.

75.     Adeia provided a claim chart to Altice on or around May 30, 2025.  The claim chart purported to identify how each element of claim 1 of the '769 Patent is allegedly infringed by Altice.  But Altice does not infringe claim 1 of the '769 Patent

76.     For example, claim 1 requires a mobile device to send a "first request associated with program guide structure information" to a server, and thereafter "receive a first response associated with program guide structure information" from the server.  Claim 1 then requires the

13

mobile device to "send[] a second request… to the server…in response to navigation to a first portion of the program guide generated using the program guide structure information."  Altice's Optimum TV App does not infringe claim 1 of the '769 Patent at least because it does not receive a first response "associated with program guide structure information" from the server, where a "program guide [is] generated using the program guide structure information" as required by claim 1.

77.    As another example claim 1 also requires "sending a second request… to the server… in response to navigation to a first portion of the program guide generated using the program guide structure information."  Altice's Optimum TV App does not infringe claim 1 of the '769 Patent at least because it does not  "send[] a second request… to the server… in response to navigation of the program guide generated using the program guide structure information," as required by claim 1.

78.    Because Altice does not infringe claim 1, or any other claim of the '769 Patent, Altice does not currently require a license to the '769 Patent in order to pursue the activities that Adeia has alleged infringe the '769 Patent.

79.    Because Altice does not infringe claim 1, or any other claim of the '769 Patent, Altice also does not need to renew its license with Adeia upon the June 30, 2025 expiration in order to continue pursuing the activities that Adeia alleges infringe the '769 Patent.

80.    Altice is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV App does not and will not infringe claim 1, nor any other claim, of the '769 Patent.

## COUNT III

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '5,598 PATENT

81.     Altice realleges and incorporates by reference each paragraph above, as if fully set forth herein.

82.     Adeia is the current assignee of the '5,598 Patent.

83.     As set forth above, an actual and justiciable controversy exists between Altice and Adeia regarding infringement of claims of the '5,598 Patent by allegedly providing "Available Out of Home" content listings to the guide of Altice's Optimum TV App.

84.     The manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV App does not infringe and has not infringed, directly or indirectly, any claim of the '5,598 Patent, either literally or under the doctrine of equivalents.

85.     Adeia provided a claim chart to Altice on or around May 30, 2025.  The claim chart purported to identify how each element of claim 1 of the '5,598 Patent is allegedly infringed by Altice.  But Altice does not infringe claim 1 of the '5,598 Patent.

86.     For example, claim 1 requires "identifying a location associated with a mobile device, the mobile device operable to play a media stream."  Altice's Optimum TV App does not infringe claim 1 of the '5,598 Patent at least because it does not meet the "identifying a location associated with a mobile device" limitation.

87.     As another example, claim 1 requires "receiving a request for program guide information corresponding to the location associated with the mobile device, the request associated with a first block of channels" and "sending program guide information corresponding to the location associated with the mobile device and the first block of channels."  Altice's Optimum TV

App does not infringe claim 1 of the '5,598 Patent at least because it does not meet the "sending program guide information corresponding to the location associated with the mobile device and the first block of channels" limitation.

88.     Because Altice does not infringe claim 1, or any other claim of the '5,598 Patent, Altice does not currently require a license to the '5,598 Patent in order to pursue the activities that Adeia has alleged infringe the '5,598 Patent.

89.     Because Altice does not infringe claim 1, or any other claim of the '5,598 Patent, Altice also does not need to renew its license with Adeia upon the June 30, 2025 expiration in order to continue pursuing the activities that Adeia alleges infringe the '5,598 Patent.

90.     Altice is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV App does not and will not infringe claim 1, nor any other claim, of the '5,598 Patent.

## COUNT IV

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '324 PATENT

91.     Altice realleges and incorporates by reference each paragraph above, as if fully set forth herein.

92.     Adeia is the current assignee of the '324 Patent.

93.     As set forth above, an actual and justiciable controversy exists between Altice and Adeia regarding infringement of claims of the '324 Patent by functionalities associated with searching for content on Altice's Optimum TV App.

94.     The manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV App do not infringe and has not infringed, directly or indirectly, any claim of the '324 Patent, either literally or under the doctrine of

equivalents.

95.    Adeia provided a claim chart to Altice on or around May 30, 2025.  The claim chart purported to identify how each element of claim 8 of the '324 Patent is allegedly infringed by Altice.  But Altice does not infringe claim 8 of the '324 Patent.

96.    For example, claim 8 requires "in response to each incremental keystroke of the sequence of incremental keystrokes, ordering and presenting the most likely items on a display device in accordance with defined ordering criteria such that the user-interface system receives ambiguous entries from the user and presents the most likely matching items in response to the entries."  The Optimum TV App does not infringe claim 8 of the '324 Patent at least because the Optimum TV App does not receive "ambiguous entries from the user."

97.    In addition, claim 8 requires "determining a layout of keys present on the input device."  The Optimum TV App does not infringe claim 8 of the '324 Patent at least because it does not practice the "determining a layout of keys present on the input device" limitation.

98.    Because Altice does not infringe claim 8, or any other claim of the '324 Patent, Altice does not currently require a license to the '324 Patent in order to pursue the activities that Adeia has alleged infringe the '324 Patent.

99.    Because Altice does not infringe claim 8, or any other claim of the '324 Patent, Altice also does not need to renew its license with Adeia upon the June 30, 2025 expiration in order to continue pursuing the activities that Adeia alleges infringe the '324 Patent.

100.    Altice is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV App does not and will not infringe claim 8, nor any other claim, of the '324 Patent.

## COUNT V

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '526 PATENT

101.    Altice realleges and incorporates by reference each paragraph above, as if fully set forth herein.

102.    Adeia is the current assignee of the '526 Patent.

103.    As set forth above, an actual and justiciable controversy exists between Altice and Adeia regarding infringement of claims of the '526 Patent by functionalities relating to recording selection(s) and the display of recording indicators in connection with Altice's Optimum TV Service and Altice's Optimum TV App.

104.    The manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV Service and Altice's Optimum TV App does not infringe and has not infringed, directly or indirectly, any claim of the '526 Patent, either literally or under the doctrine of equivalents.

105.    Adeia provided a claim chart to Altice on or around May 30, 2025.  The claim chart purported to identify how each element of claim 1 of the '526 Patent is allegedly infringed by Altice.  But Altice does not infringe claim 1 of the '526 Patent.

106.    For example, claim 1 requires "transmitting at least some of the media guidance information from the first portable electronic device to the control circuitry via the communication link, wherein the media guidance information received by the control circuitry from the first portable electronic device is simultaneously displayed, with the display coupled to the control circuitry, with media content or media guidance information received by the control circuitry from a source other than the first portable electronic device."  Altice's Optimum TV Service and Altice's Optimum TV App do not infringe claim 1 of the '526 Patent at least because the Altice's Optimum

TV App does not "transmit… media guidance information" to Altice's Optimum TV Service.

107.    As another example, claim 1 of the '526 Patent requires "receiving an indication with the first portable electronic device that the media guidance information displayed on the display coupled to the control circuitry has been manipulated."  Altice's Optimum TV Service and Altice's Optimum TV App do not infringe claim 1 of the '526 Patent at least because the Altice Optimum TV App does not "receiv[e] an indication with the first portable electronic device that the media guidance information displayed on the display coupled to the control circuitry has been manipulated."

108.    Because Altice does not infringe claim 1, or any other claim of the '526 Patent, Altice does not currently require a license to the '526 Patent in order to pursue the activities that Adeia has alleged infringe the '526 Patent.

109.    Because Altice does not infringe the '526 Patent, Altice also does not need to renew its license with Adeia upon the June 30, 2025 expiration in order to continue pursuing the activities that Adeia alleges infringe the '526 Patent.

110.    Altice is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Altice's Optimum TV Service and Altice's Optimum TV App does not and will not infringe claim 1, nor any other claim, of the '526 Patent.

## COUNT VI

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '606 PATENT

111.    Altice realleges and incorporates by reference each paragraph above, as if fully set forth herein.

112.    Adeia is the current assignee of the '606 Patent.

113.    As set forth above, an actual and justiciable controversy exists between Altice and

Adeia regarding infringement of claims of the '606 Patent by functionalities related to the generation and display of "Related on YouTube" listings together with purported linear non-user generated listings using Altice's Optimum TV Service.

114.   The manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV Service does not infringe and has not infringed, directly or indirectly, any claim of the '606 Patent, either literally or under the doctrine of equivalents.

115.   Adeia provided a claim chart to Altice on or around May 30, 2025.  The claim chart purported to identify how each element of claim 1 of the '606 Patent is allegedly infringed by Altice.  But Altice does not infringe claim 1 of the '606 Patent.

116.   For example, claim 1 requires "generating for display in the interactive media guide, using the control circuitry, source identifiers representing the sources from which the identified user-generated content and the linear or on-demand non-user generated media content are received, wherein each of the representations of the identified user-generated content and each of the listings are arranged relative to their corresponding source identifiers, and wherein each source identifier in the generated display is presented along a common axis."  Altice's Optimum TV Service does not infringe claim 1 of the '606 Patent at least because it does not practice the "generating for display in the interactive media guide …source identifiers representing the sources from which the identified user-generated content and linear or on-demand non-user generated media content . . .  along a common axis" limitation.

117.   As another example, claim 1 requires "identifying user-generated content stored on a provider of user-generated content, wherein the user-generated content is identified based on content characteristics stored in a user profile."  Altice's Optimum TV Service does not infringe

claim 1 of the '606 Patent at least because it does not meet the "identifying user-generated content stored on a provider of user-generated content, wherein the user-generated content is identified based on content characteristics stored in a user profile" limitation.

118.    Because Altice does not infringe claim 1, or any other claim of the '606 Patent, Altice does not currently require a license to the '526 Patent in order to pursue the activities that Adeia has alleged infringe the '606 Patent.

119.    Because Altice does not infringe claim 1, or any other claim of the '606 Patent, Altice also does not need to renew its license with Adeia upon the June 30, 2025 expiration, in order to continue pursuing the activities that Adeia alleges infringe the '606 Patent.

120.    Altice is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV Service does not and will not infringe claim 1 nor any other claim, of the '606 Patent.

## COUNT VII

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '025 PATENT

121.    Altice realleges and incorporates by reference each paragraph above, as if fully set forth herein.

122.    Adeia is the current assignee of the '025 Patent.

123.    As set forth above, an actual and justiciable controversy exists between Altice and Adeia regarding infringement of claims of the '025 Patent by the functionality related to text-based content searching in Altice's Optimum TV App.

124.    The manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV App does not infringe and has not infringed, directly or indirectly, any claim of the '025 Patent, either literally or under the doctrine

of equivalents.

125.    Adeia provided a claim chart to Altice on or around May 30, 2025.  The claim chart purported to identify how each element of claim 1 of the '025 Patent is allegedly infringed by Altice.  But Altice does not infringe claim 1 of the '025 Patent.

126.    For example, claim 1 requires "identifying relevant television media content that is associated with at least one search term of the search request" and "ranking the relevant television media content based on the popularity rating, the popularity rating based at least in part on the television programming choices of the viewer."  Altice's Optimum TV App does not infringe claim 1 of the '025 Patent at least because it does not meet the "ranking the relevant television media content based on [a] popularity rating," limitation where "the relevant television media content" is "identif[ied]" through "associate[ion] with at least one search term of a search request," as required by claim 1.

127.    Because Altice does not infringe claim 1, or any other claim of the '025 Patent, Altice does not currently require a license to the '025 Patent in order to pursue the activities that Adeia has alleged infringe the '025 Patent.

128.    Because Altice does not infringe claim 1, or any other claim of the '025 Patent, Altice also does not need to renew its license with Adeia upon the June 30, 2025 expiration, in order to continue pursuing the activities that Adeia alleges infringe the '025 Patent.

129.    Altice is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV App does not and will not infringe claim 1, nor any other claim, of the '025 Patent.

## COUNT VIII

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '758 PATENT

130.    Altice realleges and incorporates by reference each paragraph above, as if fully set forth herein.

131.    Adeia is the current assignee of the '758 Patent.

132.    As set forth above, an actual and justiciable controversy exists between Altice and Adeia regarding infringement of claims of the '758 Patent by functionality relating to overlaying information in a frame buffer purportedly implemented by the Broadcom BCM7252S SoC used in the Sagemcom DCIWA384 STBs.

133.    The manufacture, use, offer for sale, sale, and/or importation of DCIWA384 STBs having a Broadcom BCM7252S SoC which allegedly implements functionality relating to overlaying information in a frame buffer does not infringe and has not infringed, directly or indirectly, any claim of the '758 Patent, either literally or under the doctrine of equivalents.

134.    Adeia provided a claim chart to Altice on or around May 30, 2025.  The claim chart purported to identify how each element of claim 1 of the '758 Patent is allegedly infringed by Altice.  But Altice does not infringe claim 1 of the '758 Patent.

135.    For example, claim 1 requires "loading one or more uncompressed high-definition frames of the media content into a frame buffer," and "writing information associated with the message into the frame buffer to overlay at least a portion of the one or more uncompressed high-definition frames loaded into the frame buffer."  The alleged functionality in the Broadcom BCM7252S SoC used in DCIWA384 STBs does not infringe claim 1 of the '758 Patent at least because it does not meet the "writing information associated with the message into the frame buffer to overlay at least a portion of the one or more uncompressed high-definition frames loaded into

the frame buffer," limitation where "one or more uncompressed high definition frames of the media content" are loaded into that same "frame buffer," as required by claim 1.

136. Because Altice does not infringe claim 1, or any other claim of the '758 Patent, Altice does not currently require a license to the '758 Patent in order to pursue the activities that Adeia has alleged infringe the '758 Patent.

137. Because Altice does not infringe claim 1, or any other claim of the '758 Patent, Altice also does not need to renew its license with Adeia upon the June 30, 2025 expiration in order to continue pursuing the activities that Adeia alleges infringe the '758 Patent.

138. Altice is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of DCIWA384 STBs with the Broadcom BCM7252S SoC does not and will not infringe claim 1, nor any other claim, of the '758 Patent.

## COUNT IX

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '833 PATENT

139. Altice realleges and incorporates by reference each paragraph above, as if fully set forth herein.

140. Adeia is the current assignee of the '833 Patent.

141. As set forth above, an actual and justiciable controversy exists between Altice and Adeia regarding infringement of claims of the '833 Patent by functionality related to text-based content searching in Altice's Optimum TV Service on Altice's Optimum STBs.

142. The manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV Service does not infringe and has not infringed, directly or indirectly, any claim of the '833 Patent, either literally or under the doctrine of equivalents.

24

143.    Adeia provided a claim chart to Altice on or around May 30, 2025. The claim chart purported to identify how each element of claim 1 of the '833 Patent is allegedly infringed by Altice. But Altice does not infringe claim 1 of the '833 Patent.

144.    For example, claim 1 requires "in response to receiving the first keystroke sequence, comparing the plurality of symbols represented by the first keystroke sequence to information associated with items in a collection of items," "selecting, using control circuitry, a first result set of items in the collection, wherein the information associated with each item in the first result set comprises the plurality of symbols represented by the first keystroke sequence," "receiving a first user selection of an item in the first result set," "in response to receiving the first user selection of the item in the first result set, automatically obtaining metadata associated with the selected item," and "searching metadata associated with the collection of items to generate a second result set of items based on the obtained metadata associated with the selected item, wherein the searching comprises identifying items in the collection that are associated with metadata that comprise the obtained metadata associated with the selected item." Altice's Optimum TV Service does not infringe claim 1 of the '833 Patent at least because it does not practice the "searching metadata associated with the collection of items to generate a second result set of items based on the obtained metadata associated with the selected item, wherein the searching comprises identifying items in the collection that are associated with metadata that comprise the obtained metadata associated with the selected item" limitation, where the "selected item" is from "a first result set of items in the collection," which are selected by "comparing the plurality of symbols represented by [a] first keystroke sequence to information associated with items in [the] collection of items."

145.    Because Altice does not infringe claim 1, or any other claim of the '833 Patent,

Altice does not currently require a license to the '833 Patent in order to pursue the activities that Adeia has alleged infringe the '833 Patent.

146.    Because Altice does not infringe claim 1, or any other claim of the '833 Patent, Altice also does not need to renew its license with Adeia upon the June 30, 2025, expiration in order to continue pursuing the activities that Adeia alleges infringe the '833 Patent.

147.    Altice is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV Service does not and will not infringe claim 1, nor any other claim, of the '833 Patent.

## COUNT X

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '010 PATENT

148.    Altice realleges and incorporates by reference each paragraph above, as if fully set forth herein.

149.    Adeia is the current assignee of the '010 Patent.

150.    As set forth above, an actual and justiciable controversy exists between Altice and Adeia regarding infringement of claims of the '010 Patent by alleged transcoding, fragmenting, aligning, and storage functionalities performed by a computing device of Altice's alleged Optimum TV OTT multimedia content system.

151.    The manufacture, use, offer for sale, sale, and/or importation of products and services relating to Altice's alleged Optimum TV OTT multimedia content system does not infringe and has not infringed, directly or indirectly, any claim of the '010 Patent, either literally or under the doctrine of equivalents.

152.    Adeia provided a claim chart to Altice on or around May 30, 2025. The claim chart purported to identify how each element of claim 1 of the '010 Patent is allegedly infringed by

Altice.  But Altice does not infringe claim 1 of the '010 Patent.

153.    For example, claim 1 requires "aligning, by the computing device, and based on a point in the content item that corresponds to a beginning of the first fragment and a beginning of the second fragment, the first fragment with the second fragment."  Altice's alleged Optimum TV OTT multimedia content system does not infringe claim 1 of the '833 Patent at least because it does not practice the "aligning, by the computing device, and based on a point in the content item that corresponds to a beginning of the first fragment and a beginning of the second fragment, the first fragment with the second fragment" limitation.

154.    As another example, claim 1 requires "storing, by the computing device, as individually accessible fragments, the first fragment and the second fragment."  Altice's alleged Optimum TV OTT multimedia content system does not infringe claim 1 of the '833 Patent at least because it does not practice the "storing, by the computing device, as individually accessible fragments, the first fragment and the second fragment" limitation.

155.    Because Altice does not infringe claim 1, or any other claim of the '010 Patent, Altice does not currently require a license to the '010 Patent in order to pursue the activities that Adeia has alleged infringe the '010 Patent.

156.    Because Altice does not infringe claim 1, or any other claim of the '010 Patent, Altice also does not need to renew its license with Adeia upon the June 30, 2025, expiration, in order to continue pursuing the activities that Adeia alleges infringe the '010 Patent.

157.    Altice is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of products and services implementing or utilizing Altice's Optimum TV Service does not and will not infringe claim 1, nor any other claim, of the '010 Patent.

## JURY DEMAND

158.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby request a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Altice prays for judgment as follows:

A.  A declaration that Altice does not and has not infringed any claim of the '6,598 Patent.

B.  A declaration that Altice does not and has not infringed any claim of the '769 Patent.

C.  A declaration that Altice does not and has not infringed any claim of the '5,598 Patent.

D.  A declaration that Altice does not and has not infringed any claim of the '324 Patent.

E.  A declaration that Altice does not and has not infringed any claim of the '526 Patent.

F.  A declaration that Altice does not and has not infringed any claim of the '606 Patent.

G.  A declaration that Altice does not and has not infringed any claim of the '025 Patent.

H.  A declaration that Altice does not and has not infringed any claim of the '758 Patent.

I.  A declaration that Altice does not and has not infringed any claim of the '833 Patent.

J.  A declaration that Altice does not and has not infringed any claim of the '010 Patent.

K.  An award of Altice's costs pursuant to Federal Rule of Civil Procedure 54.

L.  A finding that this is an exceptional case and an award to Altice of its reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

M.  All other available legal and equitable relief that the Court deems just and proper.

Dated:  June 27, 2024                    Respectfully submitted,

WINSTON & STRAWN LLP


*/s/ Krishnan Padmanabhan*

Krishnan Padmanabhan (NY Bar No. 4757183)
Christopher T. Gresalfi (NY Bar No. 5472121)
Lisa M. Coutu (NY Bar No. 5471891)
Daniel B. Marzagalli (NY Bar No. 6100879)
(*Pro hac vice* application to be filed)
WINSTON & STRAWN LLP
MetLife Building,
200 Park Ave,
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700
KPadmanabhan@winston.com
CGresalfi@winston.com
Lcoutu@winston.com
Dmarzagalli@winston.com

Scott Border (D.C. Bar No. 982214)
(*Pro hac vice* application to be filed)
WINSTON & STRAWN LLP
1901 L St. NW
Washington, DC 20036
Telephone: (202) 282-5000
Fax: (202) 282-5100
SBorder@winston.com

*Attorneys for Plaintiff*
*Altice USA, Inc.*